IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| RICKY L. RASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08cv15 |
| | ) |
| STRYKER CORPORATION, | ) |
| STRYKER SALES CORPORATION, | ) |
| and STRYKER INSTRUMENTS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## RULE 12(b)(6) MOTION TO DISMISS

Defendants Stryker Corporation, Stryker Sales Corporation, and Stryker Instruments (collectively "Stryker"), by counsel, submit this memorandum in support of Defendants' Rule 12(b)(6) Motion to Dismiss portions of the Complaint filed by plaintiff Ricky L. Rash ("Plaintiff" or "Rash"). Specifically, Stryker asks the Court to strike portions of Count IV, and dismiss and all of Counts V, VI, VII, IX, X, XI and XII of the Complaint, as well as Plaintiff's request for punitive damages and attorneys' fees, for failure to state a claim upon which relief may be granted.[2]

### I. PRELIMINARY STATEMENT

This is a products liability case involving a prescription medical device. Plaintiff alleges that he suffered certain injuries as a result of the use of a pain pump designed, manufactured, and

---

[2] In reliance upon Godlewski v. Affiliated Computer Servs., Inc., 210 F.R.D. 571 (E.D. Va. 2002), and the majority rule cited and adopted therein, which holds that the filing of a Rule 12 motion "that only addresses part of a complaint suspends the time to respond to the entire complaint," Stryker is filing only this Motion to Dismiss at this time. See also Finnegan v. University of Rochester Med. Ctr., 180 F.R.D. 247 (W. D. N.Y. 1998); C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d, § 1346, 146 (2d. ed. Supp. 2002), cited in Godlewski.

sold by Stryker. Plaintiff asserts 12 causes of action: negligence (Count I); products liability/design defect (Count II); products liability/defective manufacturing (Count III); failure to warn (Count IV); fraudulent misrepresentation (Count V); fraudulent concealment (Count VI); negligent misrepresentation (Count VII); breach of implied warranty (Count VIII); breach of express warranty (Count IX); products liability – defect due to nonconformance with representations (Count X); products liability – defect due to failure to adequately test (Count XI); and violation of the Virginia Consumer Protection Act (Count XII).

Count IV alleges failure to warn, and should be dismissed to the extent Plaintiff alleges Defendants owed a duty to warn anyone other than his physician about the risks associated with the medical device at issue, and to the extent Plaintiff alleges a post-sale duty to warn, as neither duty is recognized by Virginia law. Counts V and VI allege fraud and must be dismissed because they fail to allege all of the elements of fraud with the particularity required by Rule 9(b). Plaintiff's "negligent misrepresentation" claim (Count VII) fails because there is no such cause of action under Virginia law. To the extent Count VII can be construed as a claim for constructive fraud, it also fails to meet the particularity requirements of Rule 9(b). Plaintiff's express warranty claim (Count IX) must be dismissed because he has not alleged the facts and circumstances concerning the alleged express warranty with the detail required by Virginia law, and because the express warranty identified by Plaintiff is no different from the implied warranty alleged in Count VIII. Count X alleges defect "due to nonconformance with representations," and is merely a repackaged fraud or breach of express warranty claim. As such, it suffers from the same defects as Counts V, VI, VII, and IX. Count XI alleges "failure to adequately test," and should be dismissed because there is no such cause of action under Virginia law and because this claim is merely a repackaged version of the negligence claim alleged in Count I. Plaintiff's

Virginia Consumer Protection Act claim (Count XII) should be dismissed because the Act does not apply to the sale of medical devices. Finally, Plaintiff's request for punitive damages and attorneys' fees should be stricken, because he has not alleged conduct sufficient to support punitive damages, and there is no viable statutory or other basis for attorneys' fees.

## II. STATEMENT OF ALLEGATIONS[3]

Plaintiff alleges that on May 10, 2006, he underwent shoulder surgery for an unspecified condition. (Compl. at ¶ 13.) Following surgery, he alleges, a pain pump designed, manufactured, marketed and distributed by Defendants was inserted into his shoulder. (Id. at ¶ 13.) A pain pump is a delivery vessel that allows a physician to deliver medication directly into an operative site. (Id. at ¶10.) Pain pumps are Class II medical devices regulated by the Food and Drug Administration ("FDA") and available only by prescription. See 21 U.S.C. § 360c; 21 C.F.R. § 880.5725.[4] Plaintiff alleges that through this pain pump, he "received dangerous doses of continuously injected pain relief medication in his shoulder for up to 72 hours or more . . . ." (Compl. at ¶13.) He further alleges that as a result, he suffered "narrowing of the joint space and/or a condition called "chondrolysis . . . ," and will need a full shoulder replacement in the future. (Id. at ¶ 14-15.)

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint and does not resolve contests surrounding the facts or the merits of a claim.

---

[3] These allegations are taken as true solely for purposes of this motion to dismiss. Stryker reserves the right to contest any and all allegations if this motion is denied.

[4] See also http://www.fda.gov/cdrh/index.html for relevant FDA clearance and regulatory documentation, including 510(k) clearance letters and other materials related to 510(k) approval. The Court may take judicial notice of the fact this device is an FDA-regulated device without converting this motion to a motion for summary judgment. See Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007); Perry v. Duncan Mills, Civ. A. No. 7:07cv445, 2007 U.S. Dist. LEXIS 71937, at *5 n.3 (W.D. Va. Sept. 27, 2007) (taking judicial notice of the fact

Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). When considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991). "While the court is bound to accept as true factual allegations in support of the complaint, the court is 'not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint.' 'General conclusionary allegations unsupported by facts are insufficient to constitute a cause of action.'" Falwell v. Exec. Office of the President, 158 F. Supp. 2d 734, 741 (W.D. Va. 2001) (quoting Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) and Jewell v. City of Covington, 425 F.2d 459, 460 (5th Cir. 1970)). A motion to dismiss for failure to state a claim should be granted in those cases where it appears certain that the plaintiff can prove no set of facts which will support his claim and will entitle him to relief. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996); Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

## IV. ARGUMENT

A. **Count IV (Failure To Warn) Fails To State A Claim To The Extent Plaintiff Alleges Defendants Owed A Duty To Warn Anyone Other Than His Physician And To The Extent It Alleges Post-Sale Duty To Warn.**

In Count IV, Plaintiff alleges that Defendants were negligent in failing to warn him and "other consumers" about the alleged dangers or defects associated with the pain pump. (Compl. at ¶¶ 36-44.) As a result, he alleges, he did not know and did not have reason to know of the risks associated with the device. (Id. at ¶ 40.) He alleges that if he "had received adequate warnings regarding the risks of having pain pump inserted, he would not have used it." (Id.) In

---

Norvasc was a prescription medication manufactured and sold by Pfizer, used to treat high blood pressure, angina, and other cardiovascular conditions).

4

addition to Count IV, there are numerous other allegations in the Complaint that Defendants had a duty to warn persons other than Plaintiff's physician of the risks associated with the pain pump. See, e.g., Compl. at ¶¶ 16 ("Defendants failed to warn Mr. Rash"), 20 (Defendants "failed to issue to consumers including Mr. Rash . . . adequate warnings . . ."), 28 ("Mr. Rash and his healthcare providers were unaware"). Under Virginia law, these allegations are improper, as the learned intermediary doctrine specifies that a medical device manufacturer has no duty to warn anyone other than Plaintiff's prescribing physician of the particular risks associated with a device. Accordingly, these allegations should be stricken from the Complaint.

Virginia has long recognized the learned intermediary doctrine as it relates to failure to warn claims involving prescription drugs and medical devices. See Talley v. Danek Med., Inc. 179 F.3d 154, 162-63 (4th Cir. 1999) (applying Virginia law); see also Abbot v. American Cyanamid Co., 844 F.2d 1108, 1115 (4th Cir. 1988) (applying Virginia law); Barnette v. E.R. Squibb & Sons, Inc., 670 F. Supp. 650, 651 (E.D. Va. 1987); Stanback v. Parke, Davis and Co., 657 F.2d 642, 644 (4th Cir. 1981); Pfizer, Inc. v. Jones, 221 Va. 681, 684, 272 S.E.2d 43, 44 (1980). The rational for the learned intermediary doctrine was well-stated in Talley:

> For physician-prescribed drugs and medical devices, the physician is in the best position to understand the patient's needs and assess the risks and benefits of a particular course of treatment . . . . Accordingly, the manufacturer of the drug or device owes the patient only the duty to warn the physician.

179 F.3d at 163. Accordingly, to the extent Plaintiff's failure to warn claim relies on allegations that Defendants failed to warn anyone other than the physician that prescribed Plaintiff's pain pump, it must fail, and all allegations to that effect should be stricken from the Complaint.

Paragraph 39 of the Complaint should also be stricken in its entirety, as it seeks to impose a post-sale duty on Defendants to warn of defects associated with the device. Specifically, Plaintiff alleges that the device

> was defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known that the pain pump was not safe for use in the shoulder joint space with the continuous injections of the commonly used anesthetics such as lidocaine or marcaine . . . Defendants failed to provide adequate warnings to consumers and/or their healthcare providers . . . .

(Compl. at ¶ 39.) These allegations should be stricken for two reasons. First, as noted above, there is no duty in Virginia for Defendants to warn "consumers and/or their healthcare providers" generally. The only duty is Defendants' duty to warn Plaintiff's prescribing physician. Moreover, as the Supreme Court of Virginia has stated, a manufacturer "has a duty to warn only if it knows or has reason to know that its product is dangerous." Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 134, 413 S.E.2d 630, 634 (1992). Here, Plaintiff seeks to impose a post-sale duty on Defendants to warn of dangers it "should have known" about. "There is a significant legal difference between the phrases *reason to know* and *should know*. . . . '[R]eason to know' implies no duty of knowledge on the part of the actor whereas 'should know" implies that the actor owes another the duty of ascertaining the fact in question." Id. at 135, 413 S.E.2d at 634-35 (emphasis in original). Thus, in Owens-Corning, the Court found a jury instruction issued by the trial court which imposed on the manufacturer-defendant the duty to "keep informed of the knowledge of experts in its field of manufacturing including scientific knowledge and discoveries made in that field" to be contrary to Virginia law. Id. at 136, 413 S.E.2d at 635.

Similarly, in Estate of Kimmel v. Clark Equip. Co., 773 F. Supp. 828 (W.D. Va. 1991), this Court recognized that the duty to warn

> . . . does not require a manufacturer to warn about a dangerous condition that became reasonably recognizable or apparent only [after the date of manufacture/sale] . . . . Such later acquired information would be relevant only if a proper foundation could be laid relating such information to the time the product left the manufacturer's hands.

6

Id. at 831; see also Ambrose v. Southworth Prods. Corp., 953 F. Supp. 728, 732-33 (W.D. Va. 1997) (holding that a magistrate did not err in finding that no post-sale duty to warn exists under Virginia law); Hart v. Savage, 72 Va. Cir. 41, 46, 2006 Va. Cir. LEXIS 319 at *9 (Va. Cir. Ct. Oct. 19, 2006) (finding no post-sale duty to warn and holding that "[i]f such a broad duty is to be created in Virginia, it ought to be by the General Assembly"). Thus, there is no duty under Virginia law for Defendants to ascertain defects post-sale. Yet, that is exactly the duty Plaintiff seeks to impose through his allegations in paragraph 39. Accordingly, paragraph 39 of the Complaint should be stricken in its entirety.

### B. Count V (Fraudulent Misrepresentation) and Count VI (Fraudulent Concealment) Are Not Alleged With The Requisite Particularity.

Count V and Count VI of the Complaint both allege fraud. When fraud is alleged, the claim is subject to Rule 9(b) and it must be plead with particularity. See Fed. R. Civ. P. 9(b); Xcoal Energy & Res., L.P. v. Smith, No. 2:07cv57, 2008 U.S. Dist. LEXIS 7972, at *2 (W.D. Va. Feb. 4, 2008). See also Bausch v. Philatelic Leasing, Ltd., No. 93-1685, 1994 U.S. App. LEXIS 22289, at *20 (4th Cir. Aug. 19, 1994) (applying Rule 9(b) to fraudulent concealment); Davis v. Bowman Apple Prods. Co., Civ. A. No. 5:00cv33, 2002 U.S. Dist. LEXIS 6204, at *9-10 (W.D. Va. Mar. 29, 2002) (same). "Rule 9(b) has been construed to mean that the plaintiff must plead 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Xcoal Energy, 2008 U.S. Dist. LEXIS 7972, at *2-3 (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)). As this Court recently noted, the purposes of Rule 9(b) are:

> (1) to ensure that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) to protect defendants from frivolous suits; (3) to eliminate fraud actions in which all the facts are learned after discovery; and (4) to protect defendants from harm to their goodwill and reputation.

Id. at *3 (citing Harrison, 176 F.3d at 784).

Here, Plaintiff has not provided any information concerning the "who, what, when, where and how" of the alleged fraud. Id. at *3. Plaintiff alleges that Defendants misrepresented that the device was "safe for use." (Compl. at ¶¶ 46-53, 56.) However every Class II medical device cleared by the FDA for sale and distribution is, by law, determined by the FDA to be "safe for use." See 21 U.S.C. § 360c. Accordingly, this allegation is meaningless and cannot constitute fraud. Further, Plaintiff has failed to allege the time, place or manner by which any alleged misrepresentation was made. Considering Plaintiff alleges the misrepresentations were made directly to him and that he personally relied on such representations, (Compl. at ¶¶ 46, 52), he should be able to allege exactly what was communicated, as well as when, where, and how it was communicated. See Wal-Mart Stores, Inc. v. J.A. Fielden Co., 440 F. Supp. 2d 523, 529 (W.D. Va. 2006) (stating that plaintiff's contention that it needed to conduct discovery to uncover information related to its fraud claim in order to meet the requirements of Rule 9(b) was "disingenuous" considering plaintiff alleged the misrepresentations were made directly to it). Plaintiff should not be permitted to pursue a claim as serious as fraud without providing more information.

C. **Count VII (Negligent Misrepresentation) Fails To State A Claim Under Virginia Law.**

In Count VII, Plaintiff contends that Stryker "failed to exercise reasonable care or competence" in supplying Plaintiff and his healthcare providers information concerning the pain pump. (Compl. at ¶¶ 64-67.) Virginia law does not recognize "negligent misrepresentation" as a cause of action. See Lesner Pointe Condo. Assoc. v. Harbour Point Bldg. Corp., 61 Va. Cir. 609, 614-15, 2002 Va. Cir. LEXIS 424, at *11-12 (Va. Cir. Ct. Sept. 27, 2002) (quoting Richmond

8

Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 559, 507 S.E.2d 344 (Va. 1998); also citing Mortarino v. Consultant Eng'g Servs., 251 Va. 289, 294-95, 467 S.E.2d 778 (Va. 1996)); Bay Point Condo. Assoc. v. Kemp Contracting, 52 Va. Cir. 432, 443, 2000 Va. Cir. LEXIS 310, at *22 (Va. Cir. Ct. July 18, 2000) ("[t]he Virginia Supreme Court has not. . . recognized a separate and independent cause of action for negligent misrepresentation and this Court declines to do so in this case"); Stoney v. Franklin, 54 Va. Cir. 591, 595-96, 2001 Va. Cir. LEXIS 84, at * 10 n.2 (Va. Cir. Ct. June 18, 2001) ("no such cause of action exists under Virginia law")); see also Goff v. J. Sargeant Reynolds Cmty. Coll., 65 Va. Cir. 479, 480, 2004 Va. Cir. LEXIS, at *3-4 (Va. Cir. Ct. Sept. 20, 2004) ("[w]ith regard to plaintiff's. . . negligent misrepresentation count[] . . . what plaintiff really alleges is. . . constructive fraud"). To the extent Count VII can be construed as an attempt to state a claim for constructive fraud, Plaintiff has failed to allege constructive fraud with the requisite particularity.

To state a claim for constructive fraud, Plaintiff must allege that defendant made (1) a false representation (2) of material fact (3) innocently or negligently (4) and that he was damaged as a result of reliance upon that misrepresentation. Mortarino, 251 Va. at 295, 467 S.E.2d at 782; Mansoor v. County of Albemarle, 124 F. Supp. 2d 367, 385 (W.D. Va. 2000); Arnlund v. Smith, 210 F. Supp. 2d 755, 770 (E.D. Va. 2002). As with fraudulent misrepresentation and fraudulent concealment, constructive fraud must be plead with particularity. See Fed. R. Civ. P. 9(b). This means that at a minimum, Plaintiff must specifically allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison, 176 F.3d at 784. Plaintiff has alleged that Defendants represented that the pain pump was "safe and would not adversely affect" Plaintiff's health. (Compl. at ¶ 65.) Plaintiff does not allege how, when, or

where this was communicated, even though he alleges it was communicated to him. (Compl. at ¶¶ 64-66.) Accordingly, Count VII should also be dismissed for failure to meet the requirements of Rule 9(b).

D.   **Count IX Fails To State A Proper Claim For Breach Of Express Warranty.**

Virginia Code § 8.2-313, which governs liability for express warranties in the sale of goods, provides as follows:

(1) Express warranties by the seller are created as follows:

(a)   Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b)   Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

Thus, an essential element of a claim for breach of an express warranty is an affirmation of fact or promise to the buyer, or a description of the goods, that becomes part of the basis of the bargain. Plaintiff must plead sufficient facts regarding the warranty and specifically identify the warranty allegedly made. Pulte Home Corp. v. Parex, Inc. 265 Va. 518, 523-24, 579 S.E.2d 188,190-91 (2003) (affirming dismissal of express warranty claim). Mere "naked allegations" of breach of express warranty amounts "to no more than a legal conclusion" that cannot withstand a motion to dismiss. Id.

In Count IX, Plaintiff alleges that "Defendants expressly warranted that their pain pump was safe and effective ambulatory drug delivery system." (Compl. at ¶ 75.) Plaintiff further alleges that he and his health care providers relied on this express warranty in "recommending, ordering and/or inserting the pain pump." (Id. at ¶ 79-80.) Every Class II medical device cleared for sale by the FDA is, by law, represented to be "safe" and "effective" merely as a result of the

10

fact it is cleared by the FDA for sale. See 21 U.S.C. § 360c. Such conclusory allegations fail to state a claim for breach of express warranty. As alleged, Plaintiff's express warranty claim is no different than his implied warranty claim. (See Compl. at ¶¶ 69-73, alleging implied warranty that product was "safe and fit" for use.)

Moreover, Plaintiff fails to allege with any specificity the facts and circumstances surrounding any alleged warranty, including when, how, or where Defendants made the warranty to Plaintiff or his physician, much less the exact substance of the express warranty. Again, Plaintiff should be able to plead this information considering he alleges he relied on the express warranty. (Compl. at ¶ 80.) Accordingly, under Pulte, Count IX should be dismissed. 265 Va. 518, 579 S.E.2d 188.

E.   **Count X (Nonconformance With Representations) Fails To State A Claim.**

In Count X, Plaintiff alleges that the pain pump "was defective in that when it left the hands of Defendants, it did not conform to representations made by Defendants concerning their product." (Compl. at ¶ 85.) There is no distinct cause of action for "nonconformance with representations" recognized in Virginia. In effect, Count X is simply a repackaged breach of express warranty or fraud claim. See Va. Code Ann. § 8.2-313(1)(b). As such, Count X is duplicative, and fails for the same reasons stated in sections B, C, and D above. Accordingly, Count X should be dismissed.

F.   **Count XI Should Be Dismissed Because Virginia Does Not Recognize "Failure To Adequately Test" As An Independent Cause Of Action.**

In Count XI, Plaintiff alleges that "Defendants failed to adequately test their pain pump with respect to its use by consumers." (Compl. at ¶ 90.) Count XI should be dismissed because there is no independent cause of action in Virginia for "failure to adequately test." This claim is simply a repackaged negligence claim, evidenced by the fact that in Count I of the Complaint,

11

Plaintiff already alleges that Defendants failed to exercise reasonable care in testing the device. (Compl. at ¶ 19.) In Count XI, however, Plaintiff does not allege a breach of the standard of care with regard to testing, and in that regard seeks to transform a standard negligence claim into a strict liability claim. There is no basis for such a claim in Virginia law. Defendants can only be liable for failure to test if such failure breached the standard of care and resulted in the sale of a product that was unreasonably dangerous that proximately caused Plaintiff injury. Accordingly, Count XI should be dismissed.

### G.    Count XII Should Be Dismissed Because The Virginia Consumer Protection Act Does Not Apply To The Sale Of Medical Devices.

Count XII alleges a breach of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-196 et seq. FDA-regulated medical devices, such as the pain pump at issue in this case, fall outside the scope of the goods and transactions regulated by the VCPA. Virginia Code Section 59.1-199 specifically provides:

> Nothing in this chapter shall apply to
>
> A. Any aspect of a consumer transaction which aspect is authorized under laws or regulations of any regulatory body or office of this Commonwealth or the United States.

This exclusion provision was recently applied in Hart v. Savage, 72 Va. Cir. 41, 2006 Va. Cir. LEXIS 319 (Va. Cir. Ct. Oct. 19, 2006). In Hart, a child was injured while removing orthodontic headgear prescribed by her dentist. She brought suit against her dentist and the headgear component manufacturer, 3M Unitek Corporation ("3M"), alleging, among other claims, violation of the VCPA. 3M demurred to Plaintiff's VCPA claim, arguing that Va. Code § 59.1-199 explicitly excluded FDA-approved medical devices like the orthodontic headgear at issue from the VCPA's ambit. The court agreed and sustained the demurrer, noting:

... the device at issue is a prescription medical device regulated by the Food and Drug Administration. See 21 C.F.R. § 872.5500. Thus the sale of such a device is authorized by federal regulation and exempt from the Virginia Consumer Protection Act.

Here, Plaintiff repeatedly acknowledges in his Complaint that the sale and use of the device at issue is regulated by the FDA. See, e.g., Compl. at ¶¶ 21, 27, 56, 57 (alleging failure of FDA to approve particular use of the device as a basis for liability). Moreover, this Court may take judicial notice of the fact the pain pump at issue here is a Class II medical device authorized for sale and regulated by the FDA, based on 21 U.S.C. § 360c, the regulations set forth at 21 C.F.R. § 880.5725 (designating infusion pumps as Class II medical devices), and the information generally contained on the FDA's website (http://www.fda.gov/cdrh/index.html), which includes FDA clearance and regulatory documentation.[5] Without FDA clearance, the pain pump may not be sold. Accordingly, this device is excluded from the VCPA under Va. Code § 59.1-199, and Count XII should be dismissed with prejudice.

## H. Plaintiff's Claim For Punitive Damages Fails Because He Has No Viable Claim Upon Which To Base Such Award, And Has Not Alleged Conduct Sufficient To Support Punitive Damages.

There is no independent claim for punitive damages in Virginia. See Kamlar Corp. v. Haley, 224 Va. 699, 707, 299 S.E.2d 140, 143 (1983). Plaintiff is only permitted to recover punitive damages to the extent he can prove an underlying tort. Id. Because Plaintiff's fraud claims must be dismissed, he has no other claim upon which to base an award of punitive damages.

---

[5] See Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007); Perry v. Duncan Mills, Civ. A. No. 7:07cv445, 2007 U.S. Dist. LEXIS 71937, at *5 n.3 (W.D. Va. Sept. 27, 2007) (taking judicial notice of the fact Norvasc was a prescription medication manufactured and sold by Pfizer, used to treat high blood pressure, angina, and other cardiovascular conditions).

"Virginia law does not favor punitive damages, and reserves them for only 'the most egregious conduct.'" Kline v. NationsBank, 886 F. Supp. 1285, 1294 (E.D. Va. 1995) (granting Rule 12(b)(6) motion to dismiss punitive damages claim and quoting Owens-Corning Fiberglass Corp. v. Watson, 243 Va. 128, 413 S.E.2d 630, 639 (1992)). Accordingly, it is proper to dismiss a claim pursuant to Rule 12(b)(6) if the facts alleged cannot support such an award. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001). Moreover, "the presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged" cannot support a particular claim. Id. (dismissing constitutional claim pursuant to Rule 12(b)(6) because plaintiffs had only made conclusory allegations of "deliberate indifference" and failed to allege facts that would support such claim).

Here, Plaintiff's allegations are merely conclusory, and he has not alleged any facts that could support an award of punitive damages. Plaintiff alleges that Defendants "fraudulently, intentionally, negligently or recklessly," made material and false and misleading representations," that they "intentionally, willfully, and maliciously concealed or suppressed the facts," and otherwise acted "knowingly, consciously, wantonly, intentionally and willfully and with deliberate disregard for the value of human life." (Compl. at ¶¶ 46, 58, 61.) These allegations are mere legal conclusions, and all are alleged in the context of Plaintiff's deficient fraud claims. Aside from using these "buzzwords," Plaintiff fails to allege facts that could support punitive damages. The Court should not allow Plaintiff to pursue punitive damages based solely on the use of magic words. Plaintiff's request for punitive damages should be dismissed. See also Kamlar Corp., 224 Va. at 707, 299 S.E.2d 514 (approving use of demurrer to test punitive damages claim).

I.    **There Is No Viable Basis For An Award Of Attorneys' Fees.**

In the "wherefore" paragraph of each count of the Complaint, and again in the Prayer for Relief, Plaintiff requests attorneys' fees among other damages. As this Court has recognized, "[a]ttorneys' fees generally are not available in tort actions. . . ." Justus v. Kellog Brown & Root Servs., Inc., 373 F. Supp. 2d 608, 613 (W.D. Va. 2005). "It is a 'long-standing general rule' that 'in the absence of a statutory or contractual provision to the contrary, attorneys' fees are not recoverable by the prevailing litigant.'" Id. (quoting Bilmore v. Basic Indus., Inc., 233 Va. 485, 357 S.E.2d 514, 517 (Va. 1987)). Here, with dismissal of Plaintiff's VCPA claim, there is no remaining basis for an award of attorneys' fees. Accordingly, this request should be stricken from the Complaint.

### V. CONCLUSION

For the foregoing reasons, Stryker respectfully requests that the Court dismiss the aforementioned portions of Count IV, all of Counts V, VI, VII, IX, X, XI, and XII, and strike Plaintiff's request for punitive damages and attorneys' fees.

Respectfully submitted,

STRYKER CORPORATION, STRYKER SALES CORPORATION, and STRYKER INSTRUMENTS


s/ Brian D. Fowler
Brian D. Fowler (VSB No. 44070)
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia  23218-1122
Telephone:  (804) 697-1200
Fax:  (804) 697-1339
brian.fowler@troutmansanders.com

***Attorney for Stryker Corporation, Stryker Sales Corporation, and Stryker Instruments***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>Mary Lynn Tate, Esq.
>THE TATE LAW FIRM
>110 Abingdon Place
>Abingdon, Virginia 24211

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>W. Todd Harvey, Esq.
>BURKE HARVEY & FRANKWOSKI, LLC
>One Highland Place
>2151 Highland Avenue
>Suite 120
>Birmingham, Alabama 35205
>
>    Counsel for Plaintiff

>s/Brian D. Fowler
>Brian D. Fowler (VSB No. 44070)
>TROUTMAN SANDERS LLP
>Troutman Sanders Building
>1001 Haxall Point
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>Telephone: (804) 697-1200
>Fax: (804) 697-1339
>brian.fowler@troutmansanders.com
>
>*Attorney for Stryker Corporation, Stryker Sales Corporation, and Stryker Instruments*