IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| **RICKY L. RASH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 1:08cv15 |
| v. ) | |
| ) | |
| **STRYKER CORORATION,** ) | |
| **STRYKER SALES CORPORATION,** ) | |
| And **STRYKER INSTRUMENTS,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Ricky L. Rash ("Rash") by and through undersigned counsel, hereby submits his Response to Defendants Stryker Corporation, Stryker Sales Corporation, and Stryker Instruments ("Stryker") Motion to Dismiss portions of Plaintiff's Complaint. For the reasons stated below, the Motion should be granted in part and denied in part.

APPLICABLE STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). See *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Accordingly, when ruling upon a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), as well as any facts that could be proved that are consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984), and view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury*,

536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). The court may grant a Rule 12(b)(6) motion only if it "appears beyond doubt" that the party bringing the claim cannot prove any facts that would entitle it to relief. *Conley*, 355 U.S. at 46; accord *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002).

At this stage of these proceedings, the Court must decide whether the Plaintiff is entitled to offer evidence to support his claims, not whether he will ultimately prevail. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). In doing so, the Court may consider "official public records" that are relevant to the Plaintiff's claims without converting Stryker's motion into one for summary judgment. See *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (holding that a court, in deciding a Rule 12(b)(6) motion, may consider a document that is incorporated by reference into the complaint).

## ARGUMENT

A. Plaintiff's Failure to Warn Claim is Premised Solely on Defendants' Failure to Adequately Warn the Prescribing Physician.

Plaintiff agrees with Defendants that the learned intermediary doctrine applies to his failure to warn claim. In *Stone v. Velsicol Chemical Corp.*, 1988 U.S. Dist. LEXIS 17640, the court explained the application of the doctrine in the following manner:

> The court is well aware of the learned intermediary doctrine. This doctrine provides that a manufacturer or supplier may not have a duty to warn directly a plaintiff where between the manufacturer or supplier and the plaintiff there is a knowledgeable middleman. See *Goodbar v. Whitehead Bros.*, 591 F.Supp. 552 (W.D.Va. 1984), *aff'd sub nom. Beale v. Hardy*, 769 F.2d 213 (4th Cir. 1985). The court agrees with the statement of the defendant 'that the duty to warn does not extend to the user where there is an intermediary who understands

2

the propensities of the product or who is better able to warn the user or persons who may be affected by the product. . . . This court applied the 'learned intermediary' doctrine when it held that the defendant had no duty to warn the plaintiffs. This doctrine does not, however, require this court to hold that the defendant did not have a duty to warn the learned intermediary."

Accordingly, Plaintiffs' failure to warn claim is premised solely on Defendants' failure to adequately warn the prescribing physician of the problems with their product.  Specifically, Plaintiff has alleged: "Defendants continued to manufacture and market their pain pump as an ambulatory drug delivery system for shoulder joint space, and with the use of common anesthetics such as lidocaine or marcaine, with or without epinephrine, in volumes of 250 cc's or more, over two (2) days more, <u>and into the shoulder joint space, and with the specific knowledge that the use of a pain pump in a joint space had not been approved by the Federal Drug Administration ("FDA"), and in fact, had been specifically rejected by the FDA</u>." (Underline added)

To the extent Defendants claim that Plaintiff is attempting "to impose a post-sale duty on Defendants to warn of dangers it 'should have known' about" (Brief at p. 6), it is evident that Plaintiff has instead alleged specific knowledge on the part of the Defendants.  Plaintiff alleged that the Defendants had specific knowledge that use of the pain pump in a joint space had not been approved by the FDA and had been rejected by the FDA.

Moreover, case law supports the imposition of a duty to warn under these circumstances. For example, in *McAlpin v. Leeds & Northrup, Co.*, 912 F. Supp. 207 (W.D.Va. 1996) the court examined case law in Virginia and the Fourth Circuit and held that a post-sale duty to warn is imposed on a manufacturer of a product under a negligence theory.

> Furthermore, there is nothing in the case law of Virginia to indicate that a manufacturer should be relieved of liability for failure to warn under a theory of negligence if it learns of a potential danger to a buyer only after the product has left the manufacturer's hands. In fact, as far as this court can discover, the Virginia

3

> Supreme Court has not addressed this specific issue. Indeed, prior to the holding in *Kimmel, Michie's Jurisprudence of Virginia and West Virginia [Michie's],* cited *Bly* in concluding that a manufacturer in Virginia is under a continuing duty to warn of defects which is not interrupted by sale of the product. 13B *Michie's* § 14 at 270.

912 F.Supp. at 210

> The court further noted the policy considerations behind the duty to warn. It stated:
>
>> Finally, this court is of the opinion that the extension of the duty to warn beyond the sale of the product is more in accord with the statement of the Virginia Supreme Court in *Featherall* that the duty is predicated on the superior knowledge of the manufacturer. 252 S.E.2d at 366. A post-sale duty to warn promotes a continuous flow of information from the more knowledgeable manufacturer to the industrial purchaser and all foreseeable users. Such a flow of information prevents injuries caused by limited knowledge of products, and the duty to convey this information provides the manufacturer even more encouragement to monitor closely the accident history of its products, thereby fostering speedier improvements in the relevant industry. Absent a post-sale duty to warn, a manufacturer could learn of defects in its product that only manifest themselves in unusual circumstances and take no affirmative action whatsoever, with the hope that such a latent defect will not lead to litigation. Yet, these latent defects are the least likely to be discovered by the purchasers prior to the occurrence of injuries.

912 F.Supp. at 211. See *Island Creek Coal Company v. Lake Shore, Inc.,* 832 F.2d 274, 280 (4th Cir. 1987) ("Ends of justice" require a manufacturer to notify buyers of defects which were apparently discovered after the sale of the product, "if the defendant discovered that the machine it *had sold* to the plaintiffs was not safe, it had a duty to notify the plaintiffs and a failure to do so would be actionable negligence.")

  B. <u>At this stage of the Proceedings, Plaintiff has Pled Fraud with the Required Degree of Specificity</u>.

Stryker seeks dismissal of Counts V (fraudulent misrepresentation) and VI (fraudulent concealment) of Plaintiff's Complaint, contending that Plaintiff has not pled fraud with the required degree of specificity. Under Virginia law, the elements of fraud are: (1) a false representation of material fact, (2) made intentionally and knowingly, (3) with the intent to

4

mislead, (4) reliance by the party misled, and (5) resulting damage to the misled party. *See Tidewater Beverage Services, Inc. v. Coca Cola, Inc.,* 907 F.Supp. 943, 946 (E.D. Va. 1995); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.,* 256 Va. 553, 507 S.E.2d 344, 346-47 (Va. 1998). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must allege fraud with particularity. To satisfy Rule 9(b), a plaintiff must plead circumstances such as the time, place, content, and identity of authorship of any alleged misrepresentation. *Goldstein v. Malcolm G. Fries Y Assocs.,* 72 F.Supp.2d 620, 627 (E.D. Va. 1999).

In *Vertex Telecom, Inc. v. XO Communs., Inc.*, 2006 U.S. Dist. LEXIS 90645 the defendant moved to dismiss Plaintiff's complaint on the grounds that it did not plead fraud and negligent misrepresentation with the requisite particularity to satisfy Rule 9(b). In denying the motion, the court found:

> However, this Court disagrees. First, Plaintiff identified the XO employees involved in the alleged fraud, specifically naming sales team members Elwood Phillips ("Phillips"), Alex Sudarma ("Sudarma"), and Doug Sobiaski ("Sobiaski"). (Compl. at P7). Plaintiff also named the time and place of the fraud, identifying verbal statements made during meetings and an email. (Compl. at PP5-12, 31-41). Plaintiff further addressed the content of the misrepresentations <u>as false statements regarding Defendant's needs for an excessive number of Direct Inward Dialing ("DID") numbers to achieve the coverage Vertex desired without additional charges. (Compl. at P32).  Plaintiff asserts that these statements were made, and were untrue</u>. This Court finds that the pleadings adequately state causes of action for fraudulent inducement and negligent misrepresentation. Accordingly, Defendant's motion to dismiss under Rule 9(b) will be denied. (Underline added)

Defendants contend that Plaintiff has merely alleged that the "device was safe for use," and that allegation does not satisfy Rule 9(b). (Brief at p. 8)  But Plaintiff has alleged more specific facts than the conclusory allegations Defendants cite:  Plaintiff, specifically alleges that "Defendants continued to manufacture and market their pain pump as an ambulatory drug delivery system for shoulder joint space, and with the use of common anesthetics such as lidocaine or marcaine, with or without epinephrine, in volumes of 250 cc's or  more, over two (2)

5

days more, <u>and into the shoulder joint space, and with the specific knowledge that the use of a pain pump in a joint space had not been approved by the Federal Drug Administration ("FDA"), and in fact, had been specifically rejected by the FDA</u>." (Underline added)

Here, Plaintiff has alleged the specific misconduct of the Defendants. Accordingly, Plaintiff has satisfied the requirements of Rule 9(b) and put Defendants on notice of the misconduct alleged against them. <u>See</u> *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999 (A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.)

      D.      <u>Plaintiff's Claim for Negligent Misrepresentation is Proper</u>.

Plaintiff agrees with Defendants that in Virginia, negligently making a false representation, is termed "constructive fraud." <u>See</u> *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 515 S.E.2d 291, 297 (Va. 1999). Plaintiff further agrees that constructive fraud must be pled specifically. *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 467 S.E.2d 778, 782 (Va. 1996) (rejecting a claim for constructive fraud because the plaintiff "failed to plead, with the requisite degree of particularity, facts which support all the elements of [the] cause of action"). For the same reasons the fraud claims are proper so too is the negligent misrepresentation claim.

      E.      <u>Plaintiff Agrees that his Breach of Express Warranty Claim, as Currently Pled, is the same as his Breach of Implied Warranty Claim</u>.

Plaintiff agrees with Defendants that as currently pled, his breach of express warranty claim (Count IX) is sum and substance the same as his breach of implied warranty claim (Count VIII). Plaintiff agrees to have that claim dismissed without prejudice subject to being able to

6

replead that claim if discovery produces a writing or affirmation sufficient to state a claim under that theory.

### F.     Plaintiff Agrees that Count X Should be Dismissed.

Plaintiff agrees that this claim, defect due to nonconformance with representations, has not been independently recognized under Virginia law and is duplicative of other claims. Accordingly, Plaintiff agrees to dismissal of this claim with prejudice.

### G.     Plaintiff Agrees that Count XI Should be Dismissed.

Plaintiff agrees that this claim, failure to adequately test, has not been independently recognized under Virginia law and is duplicative of his negligence claim (Count I).  Accordingly, Plaintiff agrees to dismissal of this claim with prejudice.

### H.     Plaintiff Agrees that Count XII Should be Dismissed.

Plaintiff agrees with Defendants that a medical device, such as the pain pump at issue in this action, falls outside the scope of the Virginia Consumer Protection Act.  Accordingly, Plaintiff agrees to dismissal of this claim with prejudice.

### I.     The Court should not Strike Plaintiff's Claim for Punitive Damages.

Plaintiff has a viable fraud claim, as shown *supra*, and accordingly there is a basis for awarding punitive damages in this action.  Accordingly, the Court should not strike Plaintiff's request for these damages.

### J.     Plaintiff's Claim for Attorney Fees Should be Dismissed.

Because Plaintiff has agreed to dismissal of his claim under the Virginia Consumer Protection Act, he agrees that there is no longer a viable basis for the award of attorney fees.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in part and granted in part.

        Respectfully submitted,

By:   /s/ Mary Lynn Tate
      Mary Lynn Tate – VA Bar No.: 16085
      THE TATE LAW FIRM
      110 Abingdon Place
      Abingdon, VA 24211
      Telephone (276) 628-5185
      Facsimile  (276) 628-5045
      Email: lynntate@naxs.com

      W. Todd Harvey
      Camille L. Edwards
      BURKE HARVEY & FRANKOWSKI, LLC
      One Highland Place
      2151 Highland Avenue
      Birmingham AL 35205
      Telephone (205) 930-9091
      Facsimile (205) 930-9054
      Email: tharvey@bhflegal.com
           cedwards@bhflegal.com

      Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

      Brian D. Fowler
      TROUTMAN SANDERS LLP
      Troutman Sanders Building
      1001 Haxall Point
      P.O. Box 1122
      Richmond, Virginia 23218-1122

      Counsel for Defendants Stryker Corporation, Stryker
      Sales Corporation, and Stryker Instruments

      By:    /s/ Mary Lynn Tate
               Mary Lynn Tate – VA Bar No.: 16085
               THE TATE LAW FIRM
               110 Abingdon Place
               Abingdon, VA 24211
               Telephone (276) 628-5185
               Facsimile (276) 628-5045
               Email: lynntate@naxs.com

               Counsel for Plaintiff