# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **RICKY L. RASH**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08CV00015 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **STRYKER CORPORATION, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Mary Lynn Tate, The Tate Law Firm, Abingdon, Virginia, W. Todd Harvey and Camille L. Edwards, Burke Harvey & Frankwoski, LLC, Birmingham, Alabama, for Plaintiff; Brian D. Fowler, Troutman Sanders LLP, Richmond, Virginia, for Defendants.*

In this products liability action, the defendants have moved to dismiss portions of the Complaint on the grounds that (1) a post-sale duty to warn does not exist under Virginia law and (2) the claims based on fraud has not been pleaded with sufficient particularity. For the reasons set forth below, I will deny dismissal of the post-sale duty to warn claim, but I will dismiss the fraud claims with leave to amend.

I

In his Complaint, the plaintiff alleges that he suffered injuries caused by the use of an ambulatory drug delivery system that is manufactured, designed, and sold by

the defendants. This device, commonly known as a "pain pump," delivers pain medication to an operative site following surgery.

The plaintiff asserts twelve causes of action, eight of which the defendants have moved to dismiss. Of those eight claims the plaintiff agrees the court should dismiss five.[1] The remaining claims in question include paragraph thirty-nine (failure to warn); Counts V, VI, and VII (fraud); and a request for punitive damages.

The Motion to Dismiss has been briefed and is now ripe for decision.[2] I will deny the defendants' Motion to Dismiss as to paragraph thirty-nine since I find it likely that the Supreme Court of Virginia would recognize a post-sale duty to warn in a negligence cause of action. However, I will dismiss with leave to amend Counts V, VI, and VII, and the request for punitive damages under Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity.

A

In paragraph thirty-nine, the plaintiff alleges that the pain pump manufactured by the defendants "was defective due to inadequate post-marketing warnings or

---

[1] The plaintiff agrees to have Count IX dismissed without prejudice so long as he may reinstate the claim if discovery reveals additional evidence. He also agrees to the dismissal with prejudice of Counts X, XI, XII, and his request for attorney fees. The plaintiff concedes that, under the learned intermediary doctrine, the failure to warn claim in Count IV should extend only to the plaintiff's physician, and not to the plaintiff or others.

[2] The parties have not requested oral argument on the Motion to Dismiss and I find that the materials before the court are adequate for a decision without oral argument.

instructions because, after Defendants knew or should have known that the pain pump was not safe for use . . . , Defendants failed to provide adequate warnings . . . ." (Compl. ¶ 39.) The defendants argue that this claim is based on a post-sale duty to warn, and therefore should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is a cause of action not recognized in Virginia.[3]

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Although both the Fourth Circuit and district courts in Virginia have considered whether a post-sale duty to warn exists under Virginia law,[4] the Supreme

---

[3] Neither party contests that Virginia law controls this issue.

[4] *See A.J. Buck & Son, Inc. ex rel. Atl. Mut. Ins. Co. v. Crown Equip. Corp.*, No. 92-2533, 1994 WL 501933, at *1-2 (4th Cir. Sept. 15, 1994) (holding that, in a diversity case controlled by Virginia law, a district court did not abuse its discretion by excluding similar accident evidence where the plaintiff failed to allege that the defendant negligently breached a duty to warn); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 280 (4th Cir. 1987) (stating that "if the defendant discovered that the machine it had sold to the plaintiffs was not safe, it had a duty to notify . . . and a failure to do so would be actionable negligence"). Judges of this court have reached different conclusions. *Compare Ambrose v. Southworth Prods. Corp.*, 953 F. Supp. 728, 733 (W.D. Va. 1997) (finding no post-sale duty to warn under Virginia law) (Michael, J.) *and Estate of Kimmel v. Clark Equip. Co.*, 773 F. Supp. 828, 831 (W.D. Va. 1991) (Crigler, J.) (same) *with McAlpin v. Leeds & Northrup Co.*, 912 F. Supp. 207, 209-10 (W.D. Va. 1996) (Conrad, J.) (concluding that Virginia law recognizes

- 3 -

Court of Virginia has not yet considered the issue. *See Hart v. Savage*, No. L-04-1663, 2006 WL 3021110, at *2 (Va. Cir. Ct. Oct. 19, 2006).[5] Accordingly, I must predict how the Supreme Court of Virginia would answer that question. *See St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 365 F.3d 263, 272 (4th Cir. 2004). To do so, I may consider "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions." *Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir. 1999). The general trend among other states is also relevant. *See St. Paul Fire & Marine Ins. Co.*, 365 F.3d at 272.

Considering these factors, I find that the Supreme Court of Virginia would allow a cause of action based on a negligent breach of a post-sale duty to warn to proceed. The Restatement (Third) of Torts: Products Liability § 10 (1998), the view of other states, and dicta from the Fourth Circuit's opinion in *Bly v. Otis Elevator Co.*, 713 F.2d 1040 (4th Cir. 1983), support this determination.

a post-sale duty to warn).

[5] In *Hart v. Savage*, a Virginia Circuit Court concluded that no post-sale duty to warn exists under Virginia law. No. L-04-1663, 2006 WL 3021110, at *3. Nevertheless, that decision is not controlling here, since the Supreme Court of Virginia has not ruled on the issue. *See Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (stating that "even in diversity cases this Court has further held that while the decrees of 'lower state courts' should be 'attributed some weight . . . the decision [is] not controlling . . .' where the highest court of the State has not spoken on the point" (alterations in original) (quoting *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 160-61 (1948))).

- 4 -

The Restatement provides that, if a reasonable person in the seller's position would provide a warning after the time of sale, a product seller or distributor who fails to provide such a warning may be liable for any resulting harm. To satisfy this reasonable person test, the plaintiff must prove: (1) that the seller knew or should have known of the substantial risk posed by the product, (2) that those who should have been warned were identifiable and were ignorant of the risk, (3) that the seller could have effectively warned the consumer and that the consumer could have acted on that warning, and (4) that the risk of harm outweighed the cost incurred from providing a warning. Restatement (Third) of Torts: Products Liability § 10(b). This flexible standard allows a jury to balance the need to protect consumers from dangerous products with the burdens imposed on manufacturers from a post-sale warning requirement.

Many states favor a post-sale duty to warn as well. *See Id*. at § 10 cmt. a (citing cases from different jurisdictions). Moreover, the Fourth Circuit's opinion in *Bly v. Otis Elevator Co.* is consistent with this view. At issue in *Bly* was an instruction that allowed the jury to find a manufacturer liable for breach of an implied warranty under Virginia law if the manufacturer failed to warn of a dangerous condition learned of post-sale. 713 F.2d at 1044. The court in *Bly* explained that, like strict liability, implied warranty focuses on the condition of the product. *Id.* at

- 5 -

Case 1:08-cv-00015-JPJ-PMS    Document 27-1    Filed 12/17/08    Page 5 of 10    Pageid#: 107


1045. In contrast, negligence focuses on the conduct of the manufacturer. *Id.* Thus, "under a negligence theory the duty to warn is continuous and is not interrupted by manufacture or sale of the product . . . whereas . . . under a theory of strict liability [it] exists only at the time the product leaves the manufacturer's control . . . ." *Id.* at 1045-46 (citations omitted). Therefore, the court held the jury instruction in error because it injected elements of negligence into a case that had been tried on a breach of warranty theory. *See id.* at 1046. Although dicta, this analysis is instructive since "the [c]ourt's decision in *Bly* hinged on the distinction between the two theories of liability." *McAlpin*, 912 F. Supp. at 210.

Based on these authorities, I find that Virginia would recognize a cause of action for a negligent breach of a post-sale duty to warn.[6] Therefore, I will deny the defendants' Motion to Dismiss as to paragraph thirty-nine of the Complaint.

B

The defendants also move to dismiss Counts V, VI, and VII on the ground that they fail to sufficiently state the circumstances of the alleged frauds.[7] Under ordinary

---

[6] Of course, whether the plaintiff can prove that a reasonable person in the defendants' position would have had such a duty is another question.

[7] Counts V and VI are labeled "Fraudulent Misrepresentation" and "Fraudulent Concealment," respectively. The plaintiff originally labeled Count VII "Negligent Misrepresentation." The plaintiff agrees with defendants that Virginia does not recognize a cause of action for negligent misrepresentation, but rather construes such claims as constructive fraud. The plaintiff also agrees that constructive fraud must be pleaded with specificity.

- 6 -

principles of federal pleading practice, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, when fraud is alleged, the claim is subject to Rule 9(b), which requires that it be pleaded with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Rule 9(b) has been construed to mean that the plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation omitted). The requirements of Rule 9(b) have been analogized to the goal of a good newspaper lead—who, what, when, where, and how. *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

Count V alleges that the defendants falsely represented that the pain pump was "safe for use and that Defendants' labeling, marketing, and promotion fully described all known risks of their products." (Compl. ¶ 46.) Similarly, Count VI claims that the defendants made "affirmative representations" that the pain pump was safe and concealed the fact that it was not. (Compl. ¶ 56.) Count VII maintains that the

- 7 -

Case 1:08-cv-00015-JPJ-PMS   Document 27-1   Filed 12/17/08   Page 7 of 10   Pageid#: 109

defendants falsely represented that "the pain pump was safe and would not adversely affect Mr. Rash's health." (Compl. ¶ 65.)

I agree with the defendants that Counts V, VI, and VII do not meet the requirements under Rule 9(b). These allegations fail to state when or where these representations were made or who made them. In short, the plaintiff has not revealed the particular circumstances of the alleged fraud.

The plaintiff argues that he has met the requirements of Rule 9(b) because he has alleged that

> [d]efendants continued to manufacture and market their pain pump as an ambulatory drug delivery system for shoulder joint space, and with the use of common anesthetics such as lidocaine or marcaine, with or without epinephrine, in volumes of 250 cc's or more, over two (2) days more, and into the shoulder joint space, and with the specific knowledge that the use of the pain pump in a joint space had not been approved by the Federal Drug Administration ("FDA"), and in fact, had been specifically rejected by the FDA.

(Compl. ¶ 21.) For support he cites *Vertex Telecom, Inc. v. XO Commc'ns, Inc.*, No. 1:06CV1209, 2006 WL 3746142 (E.D. Va. Dec. 14, 2006). In *Vertex Telecom, Inc.*, the court refused to dismiss the plaintiff's fraud claims for lack of specificity because the complaint identified the names of the persons involved in the fraud, the time and place of the fraud, statements made in emails and during meetings, and the content of alleged misrepresentations. *See id.* at *2.

*Vertex Telecom, Inc.* is distinguishable from the situation here. Neither paragraph twenty-one nor any other portion of the complaint alleges facts analogous to those found sufficient in *Vertex Telecom, Inc.*

Counts V, VI, and VII will be dismissed with leave to amend. Because both parties agree that these claims provide the basis for plaintiff's request for punitive damages, that request will also be dismissed.

III

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss is granted in part and denied in part;
2. The Motion to Dismiss as to paragraph thirty-nine is DENIED;
3. The Motion to Dismiss Counts V, VI, VII, and the plaintiff's request for punitive damages is GRANTED and those portions of the Complaint are DISMISSED with leave to amend if an amended complaint pleading fraud with sufficient specificity is filed within 21 days; and
4. Counts IX, X, XI, XII, and the plaintiff's request for attorney fees are DISMISSED, and the dismissal of Count IX is without prejudice.

ENTER: December 17, 2008

/s/ JAMES P. JONES
Chief United States District Judge